NABRU ASSOCIATES, INC., Plaintiff, *v.* SIMON ZIMMERMAN, Defendant.

First Department, May 29, 1936.

*Seymour M. Liebowitz,* for the plaintiff.

*Moses H. Rothman* of counsel [*Rothman & Moses,* attorneys], for the defendant.

COHN, J.  Plaintiff is at the present time the owner of two contiguous buildings, 18 West Thirty-first street and 20 West Thirty-first street, in the borough of Manhattan, city of New York.

The building at 18 West Thirty-first street was acquired by plaintiff by conveyance from the National Academy of Design on December 10, 1935, and the adjoining premises at 20 West Thirty-first street from the Bowery Savings Bank on November 19, 1935.

Defendant occupies the entire fourth floor of premises 18 West Thirty-first street pursuant to the terms of a written lease entered into between plaintiff's grantor, as landlord, and defendant, as tenant, for a term of one year commencing July 1, 1935, and ending June 30, 1936. The lease, which was prepared by the landlord, is a printed "Standard form of loft lease adopted by the Real Estate Board of New York, Inc." The tenancy terminates in less than two months.

Plaintiff desires to make structural changes in the two buildings for the purpose of consolidating both into a single unit with a common elevator and a common stairway to be situated in 20 West Thirty-first street. To effectuate this, plaintiff finds it necessary to break through a party wall in the demised premises of defendant for the purpose of building a new fireproof door therein which will lead to the central elevator and central stairway to be built, not in the building in which defendant's premises are located but in the adjoining building. These alterations are being made voluntarily by plaintiff and not under any requirement of a State or city agency.

Plaintiff claims the right of entry upon defendant's premises to make the proposed structural change under the terms of clause 15 of the lease, which, so far as is pertinent, reads as follows:

" 15. * * * Landlord or the Landlord's agents shall have the right to enter the demised premises at all times, * * * and to make such decorations, repairs, alterations, improvements, or additions as the Landlord may deem necessary or desirable, and the Landlord shall be allowed to take all material into and upon said premises that may be required therefor, without the same constituting an eviction of the Tenant in whole or in part and the rent reserved shall in no wise abate while said decorations, repairs, alterations, improvements, or additions are being made, by reason of loss or interruption of the business of the Tenant because of the prosecution of any such work, or otherwise. * *. * The Landlord shall have the right to change the arrangement and/or location of the entrances or passageways, doors and doorways, and the corridors, elevators, stairs, toilets, or other public parts of the building, and after reasonable notice, to change the name, number or designation by which the building is commonly known."

The lease also contains the following provision.

" 24. The Landlord covenants and agrees with the Tenant that upon said Tenant paying said rent, and performing all the covenants and conditions aforesaid, on said Tenant's part to be observed and performed, the Tenant shall and may peaceably and quietly have, hold and enjoy the premises hereby demised, for the term aforesaid, subject, however, to the terms of the lease and of the ground leases, underlying leases and mortgages hereinbefore mentioned."

The question submitted to this court is whether plaintiff, under the 15th clause, is entitled to enter the demised premises to perform the work mentioned, without committing a breach of the covenant of quiet enjoyment.

At the time the lease was executed between plaintiff's grantor and defendant, the former was not the owner of the adjoining building. These two buildings were in the hands of different owners. The structural change now proposed could not at that time have been contemplated by the plaintiff's grantor or by defendant.

While the language of clause 15 of the lease authorizes the landlord to enter the demised premises to make alterations, improvements or additions " as the landlord may deem necessary or desirable," such a provision is limited to changes affecting the building in which the defendant is a tenant. Such intention of the parties is evidenced by the language employed in the same section to the effect that the landlord shall have the right to change the arrangement and location of passageways, doors and doorways " or other public parts of *the* building," referring, of course, to the building in which defendant is a tenant. If it were the intention of the parties to give authority to the landlord to make an alteration or change combining its building with an adjoining one, such intention should have been clearly expressed by the landlord who drew the lease. Obviously, it was never within the contemplation of the parties at the time the lease was executed that the then landlord of 18 West Thirty-first street, or its successor, would purchase the adjoining building, unite the two structures, eliminate entirely a public elevator and a public stairway in the building in which defendant is a tenant, and substitute therefor egress from, and ingress to, defendant's loft through an adjoining building.

A stipulation giving a landlord the right to enter demised premises for the purpose of making repairs and improvements should not be extended beyond its express provisions, particularly where, as here, the lease granting the license was prepared by the landlord. Under settled principles of law such an instrument must be construed most strongly against the party who drew it. (*Bank of*

*Montreal* v. *Recknagel*, 109 N. Y. 482; *Moran* v. *Standard Oil Cc.*, 211 id. 187.) In interpreting this lease the court should give it such reasonable construction as will secure a fair measure of justice between the parties to the contract and which will not give one an unreasonable advantage over the other. (*Russell* v. *Allerton*, 108 N. Y. 288; *Columbus Spa, Inc.*, v. *Star Co.*, 216 App. Div. 218, 221.)

Applying these rules to the lease in question, we are of the opinion that plaintiff is without authority to enter upon defendant's premises for the purpose of making the alterations proposed.

Judgment should accordingly be rendered in favor of defendant, but without costs.

MARTIN, P. J., McAVOY, O'MALLEY and GLENNON, JJ., concur.

Judgment unanimously directed in favor of the defendant, without costs. Settle order on notice.