Wagner Assoc. LLC v PFNY, LLC (2024 NY Slip Op 00288)

Wagner Assoc. LLC v PFNY, LLC

2024 NY Slip Op 00288

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Oing, J.P., Scarpulla, Rodriguez, Michael, JJ. 

Index No. 150583/18, 650426/18 Appeal No. 1493-1494 Case No. 2023-00170, 2023-00167 

[*1]Wagner Associates LLC, Plaintiff-Appellant,
v
PFNY, LLC, Defendant-Respondent.
2480 Grand Concourse Fitness Group, LLC, Doing Business as Planet Fitness, Plaintiff-Respondent,
v
Wagner Associates LLC, Defendant-Appellant.

Morrison Cohen LLP, New York (Joaquin Ezcurra of counsel), for appellant.
Olshan Frome Wolosky LLP, New York (Joseph B. Weiner of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered December 9, 2022, which denied plaintiff Wagner Associates LLC's (Landlord's) motion for summary judgment on its breach of contract cause of action and for appointment of a referee to calculate damages, unanimously affirmed, with costs. Order, same court and Justice, entered December 9, 2022, which denied defendant Landlord's motion for summary judgment dismissing plaintiff 2480 Grand Concourse Fitness Group, LLC's (Tenant's) breach of contract claim and claim seeking a declaratory judgment declaring the lease terminated, and for summary judgment on Landlord's counterclaims for breach of contract and attorneys' fees, unanimously affirmed, with costs.
Supreme Court properly denied Landlord's motion for summary judgment dismissing Tenant's claim of wrongful eviction. Questions of fact exist as to whether Tenant was constructively evicted from the leased space. The evidence showed that in accessing Tenant's premises while making faÇade improvements, Landlord removed second floor windows, allowing the space to freeze in the winter and causing pipes to burst; and, at times kept the premises open to anyone, enabling homeless individuals to sleep on the bottom floor. With this evidence the Tenant has raised an issue of fact as to whether the Landlord properly performed "reasonably desirable" repairs under Section 13 of the lease, for which Landlord was permitted to access the space and store equipment (see e.g. Nabru Assoc., Inc. v Zimmerman, 247 AD 645, 645 [1st Dept 1936]). The Tenant has further raised an issue of fact as to whether the Landlord complied with Section 13's requirement that "access to the premises and the operation of Tenant's business shall not be adversely or materially affected" by the repairs.
Landlord's argument that Tenant could not have been constructively evicted because it vacated the premises by the end of 2016, before the claimed eviction, is unavailing. Although Tenant ceased business at the location, it is undisputed that, in addition to leaving equipment in the space, Tenant also monitored the premises periodically, maintained insurance, and continued to pay rent (see e.g. Capital Cities Media v Yeshiva Univ., 237 AD2d 210 [1st Dept 1997]). The Tenant also submitted evidence to show that both it and the Landlord were seeking a subtenant for the space. Landlord's argument that Tenant anticipatorily breached the lease is unavailing, as the foregoing actions by Tenant after it stopped conducting business at the space raise questions of fact as to whether the Tenant's repudiation of the lease was "positive and unequivocal" (Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133 [2017]).
Because Tenant's declaratory judgment claim is premised on the wrongful eviction claim, the court properly denied that part of Landlord's motion for summary judgment dismissing that claim as well.
The foregoing questions of fact also precluded granting Landlord summary [*2]judgment on its cross-claim for breach of contract against the Tenant, as Landlord did not eliminate any questions of fact whether it performed under the lease (see Alloy Advisory, LLC v 503 W. 33rd St. Assoc., Inc., 195 AD3d 436 [1st Dept 2021]). Landlord was not entitled to summary judgment on its cross-claim for contractual attorneys' fees, as, under the lease, Tenant owed such fees only if it breached the lease, which Landlord did not establish.
Finally, the court properly denied Landlord's summary judgment motion on its breach of guaranty claim against defendant PFNY, LLC (Guarantor). Questions of fact exist regarding whether Tenant owed any rent due or to become due, for which Guarantor would be liable under the guaranty (see Moon 170 Mercer, Inc. v Vella, 216 AD3d 570, 571 [1st Dept 2023]; Moon 170 Mercer, Inc. v Vella, 169 AD3d 537 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024